Opinion filed November 15,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00300-CR

                                                    __________

 

                                SHONDEL
SUNDWALL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37773

 



 

M E M O R A N D U M   O P I N I O N

Shondel
Sundwall appeals her conviction by a jury for the offense of possession of
between one and four grams of a controlled substance, methamphetamine.  The trial
court assessed her punishment at ten years in the Texas Department of Criminal
Justice, Institutional Division, but suspended the imposition of the sentence
and placed her on community supervision for five years.  She contends in her
sole issue on appeal that the evidence is insufficient to support her
conviction.  We affirm.

Robbie
Dale Mobley testified that he is an investigator with narcotics and vice for
the Midland Police Department.  He said that on July 1, 2010, he was called by
a narcotics investigator from another county.  He indicated that the other
county had a female in custody who had information about a subject in Midland
County who was reputed to be involved in distributing large quantities of
methamphetamine.  He disclosed that the name of the informant was Laci Landers.

Investigator
Mobley testified that Landers called a Ronald Eugene Finnell and established a
time to make a purchase of illegal drugs.  He said that he was familiar with
the vehicle, a dark blue nineties-model Buick, that would be used by Finnell. 
He indicated that, by the time he arrived at a convenience store where the sale
was to have been made, the vehicle had already left and been stopped by marked
units that had the store under surveillance.

Investigator
Mobley indicated that he received possession of a phone taken from the vehicle
that was identified as belonging to “Ms. Shondel.”  He identified State’s
Exhibit Nos. 1 through 11 as photographs of text messages that were on that
phone.  Among the messages was one dated June 30 at 11:04 p.m. that said, “I
am. On the road. Flying<Shondel+8>; one dated June 30 at 11:44 p.m. that
said, “Its not mine cant give any<Shondel+8>; one dated June 30 at 11:45
p.m. that said, “Whats up. U want that<Shondel+8>; and one dated June 30
at 9:07 p.m. that said, “Right On. Do u still have my candy at ur place<Shondel+8>.”

Laci
Landers confirmed that, after drugs were found in her possession, she offered
to help Investigator Mobley.  She testified that she called Finnell and asked
him “where we could get some drugs.”  She related that Finnell told her that Sundwall
was with him and that Sundwall had some with her.

Finnell
testified that, after receiving the call from Landers, he observed Sundwall
counting drugs in her hand.  He said that Sundwall told him that she had enough
to sell to Landers.  He recalled that Sundwall had some kind of purse or bag
with her.

On
cross-examination, Finnell testified that, on the evening in question, Sundwall
had “took us out to get high.”  He indicated that he had gotten high with her
before and had purchased drugs from her before.  He said that, when he and
Sundwall were stopped by the police, Sundwall had drugs and they were going to
do them at his house.  Finnell also acknowledged on recross-examination that,
in prior dealings with Sundwall, he had provided her with drugs.

Kenneth
Lee Angel testified that, on the occasion in question, he was on a K-9 unit
with the Midland Police Department.  He said that his dog alerted to the odor
of illegal narcotics on the passenger’s side of Finnell’s vehicle.  He related
that another officer, Officer Cox, handed him a purse that contained a
crystal-like substance that he believed to be crystal meth.  He indicated that,
to his knowledge, no drugs were found in any place other than the passenger’s
side of the vehicle.

Jim
Cox testified that he is a police officer with the City of Midland.  He
indicated that, on the evening in question, he observed a vehicle matching the
description given by Investigator Mobley.  He described the driver of the
vehicle as a white male and the passenger as a white female.

Officer
Cox testified that he and Officer Truex stopped the vehicle in question after
it left the convenience store where they had been told it would be.  He
indicated that, after the vehicle was stopped, a search was made of the vehicle
after Officer Angel’s dog alerted for illegal drugs. He related that Officer
Angel, who was searching the driver’s side of the vehicle, did not find
anything.  Officer Cox indicated that, in his search of the passenger’s side of
the vehicle, he found a duffle bag in the floorboard and found other items in
the compartment underneath the door handle of the passenger’s side of the
vehicle.

Officer
Cox disclosed that, in a day planner located in the duffle bag, he found a
black velvet bag containing a clear, crystalline white substance that he
believed to be methamphetamine.  He also indicated that he found a metal tin of
what appeared to be prescription narcotics and a baggie that contained what he
believed to be methamphetamine.  He stated that several small baggies were
found in a cigarette box that he found in the compartment beneath the door
handle on the passenger’s side of the vehicle.

Officer
Cox testified that State’s Exhibit No. 13 was labeled as an unknown quantity of
other drugs.  He indicated that it was also labeled with the police case number
of the offense, number 100701004.  He said the exhibit included the black velvet
bag located inside a black day-planner type binder, the metal tin containing
pills or prescription narcotics, and the contents of what had been contained in
the cigarette box.  When asked on cross-examination whether he had checked the
day planner for any kind of identifying information, Officer Cox answered, “No.
The information and everything that we had from the duffle bag itself belonged
to Ms. Sundwall.”  He acknowledged that the source of his belief that the
duffle bag belonged to Sundwall was its location in the front passenger’s side
of the vehicle.

Neil
Truex testified that he was on duty as a Midland police officer on the occasion
in question.  He insisted that his report was in error in stating that the K-9
unit’s dog had alerted on both the driver’s side and passenger’s side of the
vehicle because of his lack of knowledge of how the dog makes an indication. 
He confirmed that he had put the contents of State’s Exhibit Nos. 13 and 14 in
a locked evidence locker.  He indicated that he believed Finnell was arrested
for driving with an invalid driver’s license, but he did not think Finnell was
arrested for being in possession of a controlled substance.

Dennis
Hambrick testified that he is a chemist with the Texas Department of Public
Safety in Midland.  He indicated that the substance contained in the smaller
baggies was methamphetamine.

A
conviction for unlawful possession of a controlled substance requires the State
to prove beyond a reasonable doubt that an individual exercised control,
management, or care over the substance and that the accused knew the substance
being possessed was contraband.  Poindexter v. State, 153 S.W.3d
402, 405 (Tex. Crim. App. 2005).  The elements of possession may be proven by
direct or circumstantial evidence.  McGoldrick v. State, 682 S.W.2d 573,
578 (Tex. Crim. App. 1985).  We hold that the evidence is sufficient to support
the conviction.            

            In
arguing that the evidence is insufficient, Sundwall argues that the testimony
establishes that Finnell was in possession of methamphetamine on the night in
question, stating that he admitted that he intended to get high and that he had
a user quantity, not a sales quantity, with them in the car.  Finnell, while
acknowledging that, when Landers called him, he was on his way home to get high
and that he only knew “we had enough [drugs] for personal use,” insisted that,
at the time, he was not personally in possession of any drugs.  Sundwall does
not explain why the jury could not have chosen to believe Finnell’s testimony
that it was Sundwall, not he, who was in possession of the drugs found in the
car.

While,
in her summary of the testimony, Sundwall recounts Finnell’s testimony that she
told him she had enough drugs to sell and that he saw her counting out the
drugs, she makes no mention of that testimony when she discusses why the
evidence is insufficient, merely suggesting that the evidence failed to
establish that she intentionally and knowingly possessed the methamphetamine. 
The jury was free to believe Finnell’s testimony that Sundwall told him she had
enough drugs to sell to Landers and his testimony that he saw her counting out the
drugs.  Sundwall presents no explanation as to why this does not constitute
evidence that she intentionally and knowingly possessed the methamphetamine. 
We overrule Sundwall’s sole issue on appeal.

The
judgment is affirmed.

 

                                                                                                PER
CURIAM

 

November 15,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.